IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ARTHER ALFRED NELSON,　　　　　　　　　　　　　　　　　CV 07-927-MA

　　　　　　Petitioner,　　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

　　　　　　Respondent.


　　　　ARTHER ALFRED NELSON
　　　　Federal Register Number 69047-065
　　　　Federal Correctional Institution
　　　　PO Box 5000
　　　　Sheridan, Oregon  97278-5000

　　　　　　Petitioner, *Pro Se*

　　　　KARIN J. IMMERGUT
　　　　United States Attorney
　　　　SCOTT ERIK ASPHAUG
　　　　Assistant United States Attorney
　　　　United States Attorney's Office
　　　　District of Oregon
　　　　1000 SW Third Avenue, Suite 600
　　　　Portland, OR  97204-2902

　　　　　　Attorneys for Respondent

MARSH, Judge:

　　Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.

1- OPINION AND ORDER

After pleading guilty to Arson, in violation of 18 U.S.C. §§ 844(I), on April 26, 2006, Petitioner was sentenced to 60 months imprisonment followed by three years of supervised release. The sentencing court also imposed a special assessment fee of $100 and $89,580 in restitution. The sentencing order states that Petitioner is to begin making minimum monthly payments of $50.00 toward restitution if there remains an unpaid balance at the time of his release from custody. The sentencing order does not set a restitution payment schedule for Petitioner's period of imprisonment.

In his *pro se* petition, Petitioner seeks an order requiring the BOP to cease collecting restitution payments from him, which were reportedly being collected pursuant to the Inmate Financial Responsibility Program (IFRP) in the amount of $40 per month. Petitioner also asks the Court to order the BOP to identify him as "IFRP exempt," to lift "all sanctions threatened and imposed," and to restore him "to the position he would have been [in] but for the BOP's wrongful actions."

Neither Petitioner nor Respondent have provided the Court with any documentation to confirm or deny Petitioner's assertion that the BOP has been charging him $40 per month, or that Petitioner refused to pay and was sanctioned as a result. However, based on Respondent's answer, dated August 8, 2007, the Court assumes the truth of Petitioner's assertions.

Respondent concedes that Petitioner is entitled to the relief requested. However, Respondent argues that the Court should not grant the writ because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt." This action will place Petitioner "in the same position as if he were identified as IFPR compliant," according to Respondent.

Petitioner has made a sufficient showing that the BOP's modification of the district court's restitution payment schedule was not in accordance with the law. *See U.S. v. Gunning*, 401 F.3d 1145 (9th Cir. 2005); *see also* 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."). Accordingly, I hereby GRANT the Petition for a Writ of Habeas Corpus, and ORDER the BOP to cease collecting restitution payments from Petitioner, and to identify petitioner as "IFRP exempt."

IT IS SO ORDERED.

DATED this 22_ day of October, 2007.

      /s/ Malcolm F. Marsh
      Malcolm F. Marsh
      United States District Judge